UNITED STATES of America,
Plaintiff–Appellee

v.

Jose RAMIREZ–CRUZ, also known
as Jose Luis Ramirez–Cruz,
Defendant–Appellant.

No. 08–41078.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 18, 2009.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Emilio L. Davila, Jr., Law Office of Emilio Davila, Laredo, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM: *

The attorney appointed to represent Jose Ramirez–Cruz has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Ramirez–Cruz has not filed a response. Our independent review of the record and counsel's brief discloses no nonfrivolous issue for appeal. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsi-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

bilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.

UNITED STATES of America,
Plaintiff–Appellee

v.

Celestino RIVERA–CASTANEDA,
Defendant–Appellant.

No. 08–41071.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 18, 2009.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal, Public Defender Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, DAVIS, and CLEMENT, Circuit Judges.

published and is not precedent except under

PER CURIAM: *

Celestino Rivera–Castaneda (Rivera) appeals the 70–month sentence imposed following his guilty plea to illegal reentry following a previous deportation. He contends that the district court reversibly erred in applying the U.S.S.G. § 2L1.2 enhancement to his sentence based upon his prior Texas conviction for indecency with a child-contact, a violation of Texas Penal Code § 21.11(a)(1). He asserts that a violation of § 21.11(a)(1) does not constitute the enumerated offense of sexual abuse of a minor for purposes of the § 2L1.2 enhancement.

As Rivera acknowledges, this court has already addressed the issue of whether a prior Texas conviction for indecency with a child, a violation of § 21.11(a)(1), constitutes sexual abuse of a minor for purposes of § 2L1.2(b)(1)(A)(ii). *See United States v. Ayala,* 542 F.3d 494, 495 (5th Cir.2008), *cert. denied,* — U.S. —, 129 S.Ct. 1388, 173 L.Ed.2d 639 (2009); *United States v. Najera–Najera,* 519 F.3d 509, 511–12 (5th Cir.), *cert. denied,* — U.S. —, 129 S.Ct. 139, 172 L.Ed.2d 105 (2008); *United States v. Zavala–Sustaita,* 214 F.3d 601, 604 (5th Cir.2000). Because Rivera's only argument on appeal is foreclosed by this court's precedent, the judgment of the district court is AFFIRMED.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.